UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-46822-BSS |
| Aaron Matthew Borchert | ) | Chapter 7 |
| | ) | |
| Debtor | ) | MOTION TO COMPEL TURNOVER |
| | ) | |
| Kristin J. Conwell, Trustee | ) | |
| Movant | ) | Hearing Date: February 12, 2014 |
| vs. | ) | Hearing Time: 2:00 p.m. |
| | ) | Response Due: February 5, 2014 |
| Aaron Matthew Borchert, | ) | Hearing Location:  Courtroom 5 North |
| Respondent. | ) | |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that on the 12th day of February, 2014, at the hour of 2:00 p.m., or as soon thereafter as counsel can be heard, the undersigned will call for hearing in this Court the Trustee's Motion to Compel Turnover, in United States Bankruptcy Court, Courtroom 5 North, 5th Floor, 111 S. 10th Street, St. Louis, MO 63102.  You may be present at that time and be heard.

**WARNING: A written response must be filed with the Clerk, US Bankruptcy Court, 111 S. 10th Street, 4th Floor, St. Louis, MO 63102 and a copy served upon the undersigned by February 5, 2014. (See L.B.R. 9013-1 B). Failure to timely file a written response may result in the Court granting the relief requested prior to the hearing date.**

### MOTION TO COMPEL TURNOVER AND NOTICE OF HEARING

COMES NOW Kristin J. Conwell, duly appointed Trustee herein, and for his/her Motion to Compel, respectfully states to this Honorable Court as follows:

1. This court has Jurisdiction over the subject matter of this proceeding pursuant to U.S.C. §§ 151, 157 and 1334, and Local Rule 9.01 of the United States District Court, Eastern District of Missouri.

2. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (E), which the Court may hear and determine.

3. On or about June 30, 2011, Debtor filed a Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code.

4. Kristin J. Conwell is the duly appointed and acting Chapter 7 Trustee herein.

5. Pursuant to 11 U.S.C. §521 (3), (4); 542(a) and Federal Rule of Bankruptcy Procedure 4002(4), the Debtor is obligated to cooperate with the Trustee in the administration of the estate and to surrender to the Trustee all property of the estate, including but not limited to all documents, papers, records and information.

6. Debtor's First Meeting of Creditors was held on August 05, 2011.

7. During the examination of Debtor at the 341 Meeting of Creditors, Trustee discovered and determined that Debtor was entitled to receive certain property in which Trustee could administer upon for the benefit of the Estate.

8. Specifically, the Trustee advised the Debtor that she was holding the case open for the preparation of the 2011 tax returns and nonexempt portion of the tax refund proceeds (if any).

9. On January 31, 2013, the Trustee received the Debtor's 2011 tax return which revealed the debtor was entitled to a federal refund in the amount of $3,807.00 and a state income tax refund in the amount of $664.00. Based upon the return, the Trustee

10. On February 26, 2012, Trustee sent correspondence to Debtor's Counsel requesting turnover of $2,235.50 which represents the non-exempt portion of Debtor's 2011 tax refunds.

11. On February 29, 2012, Debtor's Counsel informed the Trustee that the IRS would

intercept a portion of the Debtor's refund; and stating that proof of interception or refunds would be forthcoming.

12. On June 20, 2012, Trustee sent correspondence to Debtor's Counsel requesting turnover the non-exempt portion of Debtor's 2011 tax refunds, or proof of interception.

13. On August 30, 2012, Trustee sent correspondence to Debtor's Counsel requesting turnover the non-exempt portion of Debtor's 2011 tax refunds or proof of interception.

14. On August 31, 2012, Debtor's Counsel indicated that $2,000.00 was received and the funds would be sent to the Trustee.

15. On January 25, 2013, Trustee sent correspondence to Debtor's Counsel requesting turnover the non-exempt portion of Debtor's 2011 tax refunds. Debtor's Counsel responded stating that he never received the funds from his client.

16. On April 24, 2013, sent correspondence to Debtor's Counsel requesting turnover of the refund proceeds.

17. On April 30, 2013, Debtor's Counsel provided the Trustee with an IRS Account Transcript which shows that the amount of $986.64 was intercepted for taxes owed in 2009; and the IRS issued a refund to the Debtor on or about March 12, 2013 in the amount of $2,820.36. As such, the Trustee amended her demand to $1,742.18.

18. On June 19, 2013, the Trustee sent correspondence to Debtor's Counsel requesting turnover the non-exempt portion of Debtor's 2011 tax refunds.

19. On July 13, 2013, Trustee sent correspondence to Debtors' Counsel requesting

        turnover the non-exempt portion of Debtor's 2011 tax refunds.

20.       To date, Debtor has failed to turn over the above-described asset.

WHEREFORE, Trustee prays this Honorable Court make and enter and Order directing the Debtor to turnover $1,742.18, or the value thereof, which represents the non-exempt portion of Debtor's 2011 tax refunds within fourteen (14) days of an Order compelling turnover of such and granting such other relief as is just and proper.

        Respectfully Submitted,

        KRISTIN J. CONWELL, CHAPTER 7 TRUSTEE

By: /s/ Kristin J. Conwell
        Kristin J. Conwell, MO #58735
        PO BOX 56550
        Saint Louis MO 63156
        Telephone: (314) 652-1120
        Kristinc@conwellfirm.com

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true and correct copy of the above and foregoing was served either through the Court's ECF system or by regular mail this 13th day of January, 2014 on the following:

Aaron Matthew Borchert
17002 ASHWOOD TRAIL COURT
EUREKA, MO  63025

Andrew August Westerfeld
TIERNEY & WESTERFELD, LC
1234 JUNGERMANN ROAD
SAINT PETERS, MO  63376

Office of the United States Trustee
111 S. 10th Street, Suite 6353
St. Louis, MO 63102

                      <u>/s/ Kristin J. Conwell</u>